JOURNAL ENTRY AND OPINION
The Home Indemnity Company and Westchester Fire Insurance Company appeal from a decision of the common pleas court granting summary judgment to the law firm of Kitchen, Deery Barnhouse Co., LPA, and to James W. Barnhouse, Esq., in connection with claims of legal malpractice arising from an automobile/motorcycle accident in which Connie Jo McKean died and Edwin McKean sustain serious injuries. On appeal, Home Indemnity and Westchester Insurance urge the court erred in granting summary judgment because genuine issues of material fact exist regarding an alleged failure by Barnhouse to include the McKean releases into the trial court record, because the statute of limitations had not run, and because the professional judgment rule did not apply to this case. After careful review, we have concluded that Home Indemnity and Westchester Insurance failed to establish a cause of action for legal malpractice, and therefore, we affirm the decision of the court.
The record before us reflects that the underlying case arose when Robert E. Jeffries, who had been delivering newspapers for his son, Robert W. Jeffries, on behalf of Ingersoll Publication, dba Journal News, Inc., The Times Reporter, and The Mansfield Journal Company, struck Edwin and Connie Jo McKean on their motorcycle. Tragically, Connie died and Edwin sustained serious injuries as a result of the accident. Jeffries settled both claims for $300,000.00 and obtained signed releases in exchange for the settlement check; subsequently, however, on May 5, 1993, Edwin McKean filed a new action against Ingersoll in the Cuyahoga County Common Pleas Court, alleging negligence. The court then transferred the matter to the Tuscawaras County Court of Common Pleas.
Home Indemnity and Westchester Insurance, carriers for Ingersoll, retained the firm of Kitchen, Deery and Barnhouse to defend the Tuscawaras County action which McKean had filed against Ingersoll. Through discovery, Barnhouse received copies of the McKean releases which only named Jeffries, not Ingersoll. Barnhouse sought to file a motion for summary judgment raising the McKean releases as a defense in the case and wrote to Home Indemnity and Westchester Insurance seeking their approval to do so. Thereafter, Home Indemnity, through its representative, Jack Lichauer, instructed Barnhouse to file the motion; Barnhouse, however, waited until October 23, 1995 to file, and McKean moved to strike it claiming it to be untimely. In response, Barnhouse sought leave to file summary judgment, but the court denied it. On that same day, the court granted McKean's motion to strike the summary judgment motion. Nonetheless, the court accepted the summary judgment document as trial brief for Home Indemnity and Westchester Insurance.
The court conducted a jury trial which resulted in a verdict for McKean in the amount of $1,674,175.00. Barnhouse then moved for judgment notwithstanding the verdict and for a set-off; McKean sought prejudgment interest. The court denied both motions, but granted a set-off which reflected the settlement between McKean and Jeffries, and reduced the verdict to $1,374.174 and entered judgment for that amount. Barnhouse appealed and the Fifth District Court of Appeals determined that the releases were not properly before the court because the trial court struck the summary judgment motion from the record to which the releases had been attached. Thereafter, Barnhouse filed a motion for reconsideration with the Supreme Court of Ohio, which the Court denied in September 1997.
Home Indemnity and Westchester Insurance each brought their own malpractice actions alleging that Barnhouse and the firm breached their duty to exercise ordinary skill and knowledge by its failure to ensure that the McKean releases had been included in the record. In March 1999, Home Indemnity and Westchester Insurance filed a motion for summary judgment and in support, offered numerous documents from the underlying action and answers to interrogatories. Thereafter, on May 12, 1995, Barnhouse and the firm responded, asserting that Home Indemnity and Westchester Insurance failed to support the motion with expert testimony on the essential elements of breach and causation. In support, Barnhouse and the firm offered affidavits from former Chief Justice Frank D. Celebrezze, Tami Rettig, a paralegal, and Barnhouse. Home Indemnity and Westchester did not provide affidavits.
On August 30, 1999, Barnhouse and the firm filed a cross-motion for summary judgment urging that the claims of Home Indemnity and Westchester were barred by the statute of limitations and by the professional judgment rule and they offered the previously submitted affidavits in support of their motion. Home Indemnity and Westchester filed a brief in opposition, arguing that neither defense barred their claim of legal malpractice. On November 10, 1999, the court granted summary judgment in favor of Barnhouse and the firm, stating:
 As for the issue of appellate malpractice, Plaintiffs have not offered expert testimony to establish their claims. Plaintiffs erroneously rely on an appellate decision to establish legal malpractice per se. This Court finds that Plaintiffs have not met their burden of legal malpractice as stated in Vahilla v. Hall (1997), 77 Ohio St.3d 421, and Nix v. Chalko (Feb. 19, 1998), Cuyahoga App. No. 72023, unreported, 1998 Ohio App. Lexis 4109.
 Plaintiff's motion for summary judgment (filed 3/15/99) is den ied. Defendants' motion for summary judgment (filed 8/30/99) is granted.
Subsequently, on November 28, 1999, Home Indemnity and Westchester filed a motion to vacate the summary judgment, which the court failed to decide prior to the time for appeal. As a result, they filed a notice of appeal on December 10, 1999 and in January 2000, filed a motion to remand for ruling on the motion to vacate. This court granted the motion, remanded the matter, and the trial court denied the motion to vacate. Home Indemnity and Westchester appealed the court's denial but subsequently dismissed that appeal.
Home Indemnity and Westchester now appeal the court's denial of their summary judgment motion and set forth the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT BARNHOUSE AND KITCHEN.
Home Indemnity and Westchester Insurance urge the court erred in granting summary judgment because they urge genuine issues of material fact exist regarding professional negligence by Barnhouse, whether the statute of limitations had run on their legal malpractice claim, and whether the professional judgment rule applied in this case. Barnhouse and the firm, however, assert the court properly granted summary judgment because of the statute of limitations and the professional judgment rule.
Thus, we are concerned with whether the court properly granted summary judgment in this instance.
Civ.R. 56(C) states in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Further, the court in Dresher v. Burt (1996), 75 Ohio St.3d 280
stated:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Regarding claims of professional negligence against Barnhouse, we note that in Vahila v. Hall (1997), 77 Ohio St.3d 421, the court held:
 * * * to establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. * * *
Additionally, the court in Burke v. Gammarino (1995), 108 App.3d 138 stated:
 * * * Expert testimony is generally required to support allegations of professional malpractice. * * *
In this case, we have reviewed the summary judgment motions filed by the respective parties. Barnhouse and the firm offered the affidavit of former Chief Justice Frank D. Celebrezze, who stated that in his opinion, Barnhouse's delay in filing the summary judgment motion had been intentional and a pre-trial tactic. He further stated that, under these circumstances, a reasonably prudent attorney would have been satisfied that the releases were incorporated into the record. Home Indemnity and Westchester did not offer any expert testimony by affidavit or otherwise as to the standard of care for filing a summary judgment motion. Thus, the only professional evidence offered came from Barnhouse, and neither Home Indemnity nor Westchester met its Dresher burden.
In addressing the question of when the statute of limitations begins to run in a legal malpractice action, the court in Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, stated in its syllabus:
 Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction terminates, whichever occurs later. (Omni-Food and Fashion, Inc. v. Smith (1988), 38 Ohio St.3d 385, applied.)
In this case, Barnhouse and the firm represented Home Indemnity and Westchester from May 5, 1993 through September 1997, when the Supreme Court of Ohio denied Barnhouse's motion for reconsideration. Therefore, in accordance with Zimmie, Home Indemnity and Westchester Insurance had until September 1998 to file a complaint for legal malpractice. The record reflects that Home Indemnity and Westchester Insurance filed their complaints on July 10, 1998 and July 13, 1998, respectively. Accordingly, the complaints had been filed within the one year statute of limitations provided by statute; thus, this part of the assignment of error is not well taken.
Finally, regarding the professional judgment rule, the court in Ancho r v. Linton (September 25, 2000), C.A. 6 No. 99-3702, unreported, note 2, stated:
 We decline to decide whether the professional judgment rule applies under Ohio law. The Ohio Supreme Court has never expressly adopted this rule, and it only has been cited in one unreported decision from the Ohio Court of Appeals. See Murphey, Young Smith Co. v. Billman, 1984 Ohio App. Lexis 11643 at 8 (stating that, if an attorney acts in good faith and in an honest belief that his acts and advice are well founded and in the best interest of his client, he is not held liable for a mere error of judgment.) (quotation omitted).
Because the Supreme Court of Ohio has not expressly adopted the professional judgment rule, we decline to apply it in this instance.
After a full review of this case, we have concluded that because Home Indemnity and Westchester failed to produce expert testimony to rebut the affidavits offered by Barnhouse, they failed to meet their affirmative burden as set forth in Dresher. Thus, we have determined that the trial court did not err in granting summary judgment. Accordingly, the assignment of error is without merit and the judgment of the court is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE
MICHAEL J. CORRIGAN, J., and PATRICIA A. BLACKMON, J., CONCUR